v. Forbes, Winfrey, et al. I understand, Mr. Baker, you can please come up and have a seat over here. You'll be coming to the podium first. And I understand that we have two counsel here. Let me just make sure I understand the division of time. So we have Attorney Browning, and you would like, is it four minutes? Four minutes. And you're representing, just remind me, who? Thomas Coates and about 20 other defendants. Okay. And then Mr. Dixon, you'd like one minute? Correct. And you're representing who? Apple and Nicole Winfrey. Okay, great. So why don't we proceed in this way. So Mr. Baker, you can please come up to the podium. And again, sir, if you want to take a second to adjust the microphones, get yourself comfortable up there. As hopefully you've seen by watching the other lawyers, we have the little lights in front of you, and there's a clock that ticks down. And I understand you'd like to hold on for one minute for rebuttal. Yes, Your Honor. So what we'll do is we'll hear from you for four minutes. We'll have whatever questions you may have. Then we'll hear from both of the other lawyers on the other side. And then when they're all done, you have a minute to come up. And if there's anything you'd like to say in response to what you heard, that's what you can do in your rebuttal time. Does that all make sense? Yes, Your Honor. Okay. So Mr. Baker, whenever you're ready. Okay. Happy to hear you. If it pleases the Court, I am the appellant, plaintiff in Baker v. Codes. I respectfully ask the Assyrians to reverse the lower court decision due to five errors of law, which I'll address two at this juncture. The District Court erred in not considering my argument comprehensive non-literal similarity. And the District Court erred when it ruled that my arrangement of words were not protectable. My argument has always been comprehensive non-literal similarity. It was not addressed in the litigation counsel's memorandum of law. It was not addressed in the District Court's reporting recommendation. And the fact that the District Court overlooked it, in my opinion, was a pivotal error in the case. This looks to me, Mr. Baker, as the hardest argument for you, in a way. The comprehensive similarity of your interesting book about your experiences with the basketball team and your teaching economics to these life in slavery times that is a somewhat fanciful, magical, realist kind of book. This seems much harder than proving that there was perhaps some point by, you have some instances where you try to argue this looks copied from that. I'm not sure I agree, but that's the argument. But to say everything that this other gentleman wrote in fiction, non-fiction, about slavery times, about the right to reparations, about comic book heroes, is somehow derived, it just comprehensively looks just like what you wrote. That's really weird. It is weird, but I provided a, I'm only describing what the defendants did. I provided a rigorous comprehensive non-literal similarity test to the District Court. The evidence is irrefutable. Pursuant to the comic books, he basically copied the pattern and structure of my language, which I provided in the legal briefs. And throughout the plagiarized works, the two essays, the 2014 essay, the 2015 essay, the books and the comic books, he copied the structure and pattern of my work. And I provided a comprehensive, a rigorous comprehensive non-literal similarity test. And I just thought that what you presented so comprehensively was more in the nature of point-by-point comparisons to all these works. I did. I provided point-by-point comparisons and comprehensive non-literal similarity tests. If the District Court decided that those point-by-point items were not so similar, then what's left of the comprehensive view? The District Court overlooked it. They never addressed my argument of comprehensive non-literal similarity tests. Yeah, but what I'm saying is if the evidence of the comprehensive similarity was the point-by-point similarity, then if the District Court didn't accept that there was similarity on the point-by-point, then doesn't that sort of basically dissolve the idea that the whole thing is similar? No, no, Your Honor. The District Court overlooked it. As a matter of process, from time to time, courts allow a comprehensive, provide a comprehensive non-literal similarity test to prove comprehensive non-literal similarity. Okay, I hear what you're saying. They do not provide, they do not provide separate arguments. Right, they do not provide the test. Okay. They dismiss the case before, they never perform a test. They dismiss the case without performing a comprehensive non-literal similarity test. They never even addressed it. They did not perform the test. Okay. And they still dismissed it. I understand your point. After I submitted the test, they still overlooked it. The comprehensive non-literal similarity test is irrefutable. I went point-by-point with the essays, the articles, the books, and the comic books where he copied structure and pattern in my work, and he confessed to all of it. So, Mr. Baker, I think now we understand that that's very helpful. You reserved a minute, so what we'll do now is we'll turn to the lawyers on the other side, and then as you listen to whatever they say, if there's anything you want to say in response to that, because you're the to whatever it is, okay? Thank you. Thank you, Your Honor. Why don't we turn to, let's see, it's Attorney Browning for Defendant Appeals Coates et al. Mr. Browning. May it please the Court. The District Court's decision dismissing Mr. Baker's copyright infringement claim should be affirmed for a simple reason. Could you just keep your voice up a little? Of course. There is nothing similar, let alone substantially similar, about Mr. Baker's deeply personal memoir, and the various and varied works of my client, Ta-Nehisi Coates. Mr. Baker mentioned the applicable test before the District Court and argued that the District Court did not apply it, but in fact, Your Honors, the magistrate judge and Judge Etkin both did apply the proper test, which is comprehensive non-literal similarity. That test requires the Court to engage in a would see similarities that might be probative of copying protective elements of Mr. Baker's work, and that test is to be carried out with our common sense and good eyes, not statistical analysis and density. And it looks to familiar elements of literary forms, such as plot, characters, settings, themes, and most important, overall concept and feel. And Judge Lynch, I think you've already noted in terms of the total overall concept and feel, there really is nothing similar about the works at issue. There's nothing similar about Mr. Baker's story about basketball and financial literacy and, as Your Honor pointed out, comic books about the Black Panther dismantling intergalactic slavery rings. There's nothing substantially similar with a novel, historical fantasy novel about a slave with magical teleportation powers. There's nothing similar about Between the World and Me, which is Mr. Coates' lecture to his son about issues of Black masculinity in America. And there's nothing similar to Mr. Baker's various seminal essays for The Atlantic, where he discusses the case for reparations in the state of the Black family in an age of mass incarceration. Mr. Baker concedes these points and concedes these differences, which is, as Your Honor noted, fatal to his claim. Nevertheless, he argues that Mr. Coates incorporated these differences in some kind of scheme to create the appearance of difference while actually copying what Mr. Baker refers to as his tedious talk and dense, repetitive prose. Putting aside the density analysis, which I think is misleading and unhelpful, I think what this boils down to is Mr. Baker alleges there's been copying in certain places and passages of repetition, rhythmic repetition of particular words, but this is not copyrightable as a matter of basic copyright law. It's a basic element of style that can be found in every, that is present in everything from Bible verses, it is present in Martin Luther King's speeches, it is present in this sentence that I have just presented to you, but it is not copyrightable. It is an element of style. It is just like alliteration or words themselves and cannot possibly serve as the basis of a copyright infringement claim. Rather, the correct test is the test that the district court applied, and that test is to use our common sense and good eyes to determine whether there is substantial similarity, and here there is not. And Your Honors, I might just further point out there is no dispute here that is appropriate in certain circumstances such as this to dismiss at the pleading stage when the work is properly before the court, and the court has determined that there is no substantial similarity. And for those reasons, the district court's judgment on copyright infringement should be affirmed, and furthermore, the district court's analysis on unjust enrichment and failure to properly serve many of my claims should also be affirmed for the reasons stated in our papers. Unless Your Honors have any questions, I cede the remainder of my time to Ms. Winfrey and Apple. Okay, good. Thank you very much. Why don't we hear from counsel attorney, is it Dickstein? It is. Good afternoon, Your Honors, and may it please the court. Tal Dickstein of Loeb & Loeb for defendants of Hallie's, Apple, and Ms. Oprah Winfrey. I just want to make two very quick points. The only reason Apple and Ms. Winfrey were in the case is Ms. Winfrey filmed an interview that she conducted of Mr. Coates about his fictional novel, The Water Dancer, and that interview was broadcast on Apple TV+. The district court properly dismissed claims against Apple because that interview did not contain any of the passages that Mr. Baker alleges are similar to his autobiographical book, and Mr. Baker does not challenge that on appeal. Secondly, Mr. Baker's claims against Ms. Winfrey were properly dismissed because she was never served, and Mr. Baker does not challenge that conclusion either on appeal. So we would ask that the judgment of dismissal be affirmed. Thank you. So Mr. Baker, this is when you come back up, you have an extra minute. So if there's anything that you've just heard from the other lawyers that you think is worth responding to, you have one minute to do so. Yes, Your Honor. My argument of comprehensive non-liberal similarity was not addressed by the district court, and as far as the comment was concerned, the defendant copied my arrangement of words, my language and arrangement of words. He confessed to it. It's hard to argue... Your language arguments, for example, you do this density analysis of the Lake Geneva scene in The Water Dancer. The number one word that he repeated is the word I. Yes. And your book is an autobiography. Yes. And his has a narrator, right, who uses the word I. You don't own the word I, right? No, no, I don't. But it's clear he's... And then you say also that among the top five words that you used, I guess the Lake Geneva scene is yours, but I'm sorry, but are lake and Geneva, which were used six times, taking them together, so three times saying Lake Geneva, and he used the word water. I mean, I just, this makes no sense to me. Well, he's mimicking the scene, and he copied, he also, he's mimicking the language, he's mimicking the language, the arrangement of words, and he confessed to it. And he also... When you say he confessed to it, what exactly are you referring to? The confession throughout The Water Dancer. He confessed to copying my identity, stealing my identity, copying my language and arrangement of words. He confessed to copying all my features. And you got eight people doing this. You have eight people, Coates and seven other defendants, three editors for the Penguin Random House, two co-writers for the comic books, and two co-writers for the movies. And he just took my language, took the scene and converted it into a code where he copies, repeats I, the most repeated words, and the next four most repeated words are repeated almost verbatim to shock exchange. So thank you very much, Mr. Baker. I think we have your argument. We thank both sides, all, everyone for coming today. As with all the cases today, we'll take it under advisement at some point.